## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Mariano Garay-Ortiz, being duly sworn, depose and state:

### Introduction

1.      I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, *United States Code*, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, *United States Code*.

2.      I am a United States Customs and Border Protection Enforcement Officer with the Department of Homeland Security, assigned to investigate Immigration Law violations and Criminal Laws of the United States at the Luis Muñoz Marín International Airport (LMMIA), Carolina, Puerto Rico. I have been a law enforcement officer for approximately 20 years. During my law enforcement training and career, I have received detailed instruction in and conducted various investigations concerning immigration offenses.

3.      The facts and information contained in this affidavit are based upon my training and experience, participation in this investigation, personal knowledge and observations during this investigation, as well as the observations of other agents and police officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the investigation.

4.      This affidavit contains information necessary to support probable cause. It is not intended to include each and every fact and matter observed by me or known to the United States. This affidavit contains information necessary to support probable cause for a

1

criminal complaint charging Blas VELOZ-GARCIA with violation of (a) 8 U.S.C. § 1326(a) (Re-entry After Deportation) and (b) 18 U.S.C. § 1001(a)(2) (False Statements).

### Probable Cause

5.      On May 19, 2026, at the LMMIA in Carolina, Puerto Rico, VELOZ-GARCIA was found in the United States attempting to board JetBlue Airlines flight number 2104, bound to the city of New York, New York.

6.      During the inspection conducted by a U.S. Customs and Border Protection (CBP) Officer, VELOZ-GARCIA stated he was a citizen of the United States born in San Juan, Puerto Rico and that his name was "Oscar LOPEZ-RIOS". As proof of identity, VELOZ-GARCIA presented the CBP Officer with a Puerto Rico driver's license, bearing license number XXX9741, which contained his photograph and was in the name of "Oscar LOPEZ-RIOS". VELOZ-GARCIA claimed he was the rightful bearer of the document. During the inspection process, VELOZ-GARCIA was found in possession of a photocopy of a Puerto Rico birth certificate and a United States Social Security Card in the name of "Oscar LOPEZ-RIOS".

7.      Because VELOZ-GARCIA produced a driver's license that did not appear genuine and did not have any document that allowed him to be present in the United States, he was held for closer inspection.

8.      Further examination of the driver's license using the Puerto Rico Department of Transportation and Public Works (Obras Publicas) system revealed that driver's license number XXX9741 was issued to a woman from San Sebastian, Puerto Rico.

2

9.    VELOZ-GARCIA's fingerprints were submitted to the Federal Bureau of Investigation (FBI) for examination and comparison. This examination disclosed a match to an FBI record, which revealed the following:

a) On March 3, 1999, VELOZ-GARCIA was admitted to the United States as a Lawful Permanent Resident of the United States under the name of Blas VELOZ-AMADIS.

b) On March 16, 2005, VELOZ-GARCIA was convicted of possession of cocaine (Drug Possession Class B Cocaine) and sentenced to 1 year of probation in the Worcester District Court, Worcester, MA under the name of Blas VELOZ.

c) On August 19, 2010, VELOZ-GARCIA (under the name of Blas VELOZ-AMADIS) was ordered removed in absentia from the United States to the Dominican Republic by an Immigration Judge because of his previous drug conviction.

d) VELOZ-GARCIA was physically removed from the United States to the Dominican Republic on March 3, 2013.

e) On July 14, 2018, VELOZ-GARCIA was apprehended by CBP when he applied for admission to the United States at the John F. Kennedy International Airport, New York, NY, using the name of Blas VELOZ-GARCIA. He arrived from the Dominican Republic and presented a Dominican Republic Passport with a fraudulent old Immigration and Naturalization Service's Stamp and a United States admission stamp. VELOZ-GARCIA was allowed to withdraw his application for admission into the United States and departed to the Dominican Republic on the same date.

10.    Agents interviewed VELOZ-GARCIA after advising him of his Miranda rights. VELOZ-GARCIA was also placed under oath. VELOZ-GARCIA indicated he understood his rights and provided a voluntary statement to law enforcement where he related the following facts, among others. VELOZ-GARCIA stated that his true name is Blas VELOZ-GARCIA, and he is a national and citizen of the Dominican Republic. VELOZ-GARCIA further stated he changed his second last name from Amadis to Garcia.

3

VELOZ-GARCIA admitted his drug conviction in Massachusetts and acknowledged he was ordered deported/removed by an Immigration Judge.

11.   Further investigation using the Dominican Republic "CEDULA" database system confirmed VELOZ-GARCIA's identity is Blas VELOZ-GARCIA, a citizen and national of the Dominican Republic. It also confirmed Blas VELOZ-GARCIA and Blas VELOZ-AMADIS have the same Cedula Number in the Dominican Republic.

12.   The investigation has revealed that VELOZ-GARCIA was told that after his deportation/removal from the United States, he was required to obtain permission from the Attorney General or his successor under the Department of Homeland Security prior to his re-embarkation at a place outside the United States or his application for admission.

13.   Further investigation and records checks revealed that no application to request permission on Form I-212 (Application for Permission to Reapply for Admission into the United States After Deportation or Removal) had been filed on behalf of "Blas VELOZ-GARCIA" or "Blas VELOZ-AMADIS" at the Office of Citizenship and Immigration Services.

14.   VELOZ-GARCIA is a citizen and national of the Dominican Republic and is an alien with no authorization or legal status to be present in the United States. Further, VELOZ-GARCIA was deported from the United States and prohibited from re-entering the United States without obtaining consent from the Attorney General or his successor under the Department of Homeland Security prior to his re-embarkation at a place outside the United States or his application for admission.

15.   VELOZ-GARCIA's statement to a CBP officer that he was a citizen of the United States born in San Juan, Puerto Rico and that his name was "Oscar LOPEZ-RIOS"

4

was a materially false, fictitious, and fraudulent statement and representation. VELOZ-GARCIA attempted to corroborate this false claim by producing a fraudulent Puerto Rico driver's license. VELOZ-GARCIA's statement pertained to a matter within the jurisdiction of CBP, an agency of the executive branch of the United States government.

### Conclusion

16.    Based on the facts contained herein, there is probable cause to believe that VELOZ-GARCIA committed the following Federal offenses: (a) 8 U.S.C. § 1326(a) (Re-entry After Deportation) and (b) 18 U.S.C. § 1001(a)(2) (False Statements).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Mariano Garay-Ortiz
Enforcement Officer
Homeland Security Investigations

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 6:10 p.m. on the 20th day of May, 2026.

Marcos E. López
Magistrate Judge
United States District Court
District of Puerto Rico

5